McKisney, J.,
delivered the opinion of the Court.
The complainants seek by their hill to' he discharged from their purchase of a tract of land lying in Coffee county, sold under a proceeding in Chancery, as the property of the heirs at law of John Bowden, deceased, on the ground that hy reason of the irregularity of the proceedings, the sale was void, and no title can he acquired hy them.
The Chancellor dismissed the hill, and the complainants appealed.
The facts are these: John Bowden died in Mississippi — the place of his domicil — in 1846, intestate,' leaving a widow and eight children. He was the owner, at his death, of three tracts of land in Coffee county, in this State, which descended to his heirs at law.
In 1855, an ex-parte petition was filed in the Chancery Court at Manchester, in the name of the widow and eight children, six of the eight being represented in the petition as then minors, and suing hy their mother, who, as alleged, was their regular guardian in Mississippi; and one of the other two was then a jeme covert '; and all of them were residents of Mississippi. The petition sought to have the lands sold on the ground as stated in the petition, “ that said lands are so situated that they cannot he divided between them, (the petitioners) and that it is manifestly to their interest that the same he sold.”
In the petition, the widow relinquishes her right to *131 dower in said lands, and asks that an. equivalent in money be made to her, out of tbe proceeds' of tbe sale.
At tbe same term of tbe Court at wbicb tbe petition was presented, tbe Chancellor referred it to tbe Master to report, instanter, upon tbe matter of tbe petition. Tbe Master accordingly reported that from tbe evidence of two witnesses, wbicb be files with bis report, “said lands cannot he divided among the heirs to advantage On looking to tbe proof, upon wbicb tbe Master based bis report, it turns out that only one of tbe witnesses referred to, expressed an opinion upon tbe subject; and bis statement is purely matter of opinion, without any fact or reason, shown for it. It is. simply this, “ I don’t think they (tbe lands) can he divided between the parties to any advantage.” Tbe other witness expresses no opinion upon this point. His statement is confined to tbe average value of tbe lands per acre.
Upon tbe presentation of this report, without any thing more, tbe Chancellor proceededito decree a sale of tbe lands.
On what ground tbe decree is based, is not stated. There is not an intimation in tbe decree that in tbe judgment of tbe Chancellor,, tbe lands could not be divided; or that it would be for tbe interest of tbe heirs to have a sale.
Tbe decree, in general terms, orders tbe . sale, without any cause being stated. And under this decree tbe sale took place; wbicb at a subsequent term — but prior to tbe filing of this bill- — was confirmed.
This case involves no debatable question, touching tbe jurisdiction of a Court of Chancery to convert tbe real estate of infants, either in view of our own statu *132 tory regulations upon the subject, or tbe inherent jurisdiction of a Court of Equity. According to all the authorities the sale was simply void. The proceedings purport to be under the act of 1827, ch. 54, but in no one respect, either as regards form or substance, do they conform to the requirements of that act. There is not. a tittle of proof in the record, to establish the allegation of the petition, nor is it even assumed in the decree, that the lands were so “situated that partition thereof could not be made, in the mode pointed out by law,” or that they were “of such a description that it would be manifestly for the advantage of the heirs that the same be sold,” and by the express terms of the act,- “ -satifactory proof” of one or other of these grounds is requisite to clothe the Court with jurisdiction under the statute. By the emphatic expression, “ satisfactory proof” is meant such proof as demonstrates, or clearly and certainly establishes the truth, of the fact or point in issue.
The mere opinion of the witness, unaccompanied by facts or reasons, clearly sustaining the correctness of such opinion, was entitled to no consideration: it was not even admissible, upon a familiar principle of evidence, and ought not to have been received; much less ought it to' have been made the sole foundation of the decree.
And the report of the Master, based upon such incompetent testimony, goes for nothing.
The consequence is, that the sale was utterly void.
It is further insisted that the validity of the sale is affected by the informality of the proceedings.
The objections urged are, that the proceeding should *133 have been by a bill in regular form; and that the infant heirs ought to have been made defendants.
These objections we think are well founded.
The statute, in terms, prescribes that the mode of proceeding shall be by bill in equity, and the suit is to “be conducted in the same way, as other suits in equity.”
In all cases in equity where it is sought to affect the interests of infants, and more especially, their interests in real estate, by an attempt to charge it, or to make partition, or sale thereof, whether the application be by a stranger, or by an adult co-tenant, or others claiming a right to do so, the.infants ought to be made defendants. And this, for obvious reasons. Infants are regarded as incapable of asserting or protecting their' own rights, or of forming a judgment as to what would, really be for their benefit, or of the propriety, or necessity of applying for protection, or redress to the tribunals of justice.
It often happens that where infants are joint owners with adult parties, of real property, the interests of the latter are in direct opposition to the true interests of the former; and, that what might be beneficial to the one, would not be so to the other. The attitude of defendants in a suit in equity is in various respects more advantageous and safe for infants, than that of plaintiffs. Any one as next friend may volunteer his services to sue for them, as plaintiffs; and sometimes it has happened that the persons assuming this relation have been prompted to do so, by very unworthy motives. But, as defendants, it is the solemn duty of the Court to select a suitable person as guar *134 dian ad litem, to defend tbe rights of infants; whose duty it is to make a proper defense, and who is responsible, it seems, for the propriety and conduct of such defense. 2 Paige, Ch. K,., 304. 1 Danl., Ch., Pr 204. An infant defendant is not bound by the decree against him, in the same manner, as an infant plaintiff, in general is. 1 Danl. Ch. Pr. 92, and note.
Neither is an infant defendant bound by the answer or admission of the guardian ad litem. Ib., [,214, 217. And the facts necessary to entitle the plaintiff to relief must be proved against the infant, by evidence derived from other sources than the answer, or admission, made by the person conducting the suit for him. Ib., 218. 3 John. Ch. ft. 367.
In regard to the effect of these objections, and the latter mainly — the joining the infants as plaintiffs instead of making them defendants — we think it constitutes error, for which the decree might be reversed, on appeal, or writ of error: perhaps it would be regarded as error apparent on the face of the decree, for which a bill of review would lie. But we are not prepared to say that it ought to be permitted to invalidate the title of a bona fide purchaser, other objections aside.
The decree will be reversed, the complainants discharged from the purchase; their obligations for the purchase money surrendered and cancelled, and the amount of the purchase money paid down will be refunded to them with interest thereon.